IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| YUSEF HOLLINS,<br>(a.k.a. Anthony Collins, Kenneth Williams)<br>TDCJ-CID No. 01864680,<br><br>    Plaintiff,<br><br>v.<br><br>BRITTANY S. MILLER, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ 2:17-CV-153-Z-BR |

**MEMORANDUM OPINION
DISMISSING CIVIL RIGHTS COMPLAINT**

This matter comes before the Court on Plaintiff's pro se suit against the Texas Department of Criminal Justice ("TDCJ") under 42 U.S.C. § 1983. Plaintiff alleges official (1) harassment; (2) retaliation; and (3) indifference toward his medical needs. *See* Complaint § VIII, at 5-7, filed August 22, 2017 (ECF No. 3). The Court granted Plaintiff permission to proceed *in forma pauperis*. *See* ECF No. 9. For the following reasons, Plaintiff's complaint is DISMISSED.

**BACKGROUND**

Plaintiff regularly files grievances against TDCJ officials at his prison facility. He filed two such grievances in January 2016, and a TDCJ officer wrote him up for a disciplinary infraction two months later. Plaintiff thereupon filed another grievance alleging retaliation. *See* Complaint at 10. TDCJ rejected that grievance at both Step 1 and Step 2 of the internal TDCJ offender grievance process. *See* Complaint at 9-10. Plaintiff has since reiterated the same grievance at least three times, with TDCJ fully reinvestigating his claims once and returning the grievance form twice for

1

redundant filings within the grievable time period. *See* Complaint at 9-16. In Plaintiff's most recent Step 2 grievance, he asserts two additional claims against TDCJ officials: (1) harassment by means of a pretextual search of his cell; and (2) withholding mental health treatment. *See* Complaint at 15-16. Plaintiff lastly finds fault with the grievance process itself, asserting that his claims never were investigated or examined. *See* Complaint at 16.

LEGAL STANDARD

A. Frivolous Claims

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. *See* 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should

## B. Retaliation Claims

To state a claim of retaliation, "a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (quoting *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). A prisoner has a heavy burden to establish a claim of retaliation; he must do more than make mere conclusory allegations. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Where a prisoner is unable to establish a specific constitutional violation, his claim is not cognizable. *See Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999).

## C. Deliberate Indifference Claims

Deliberate indifference to prisoners' serious medical needs constitutes unnecessary and wanton infliction of pain as proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care can constitute an Eighth Amendment violation only if deliberate indifference results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing

---

be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence, and medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Rather, a showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

### D. Supervisor Liability Claims

In section 1983 suits, government officials are not held liable for the unconstitutional conduct of their subordinates solely on a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Nor are supervisory officials subject to vicarious liability under section 1983 for the *omissions* of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (emphasis added). Consequently, absent direct

personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987).

ANALYSIS

A.  **Retaliation and Perjury Claims**

Plaintiff claims that the cell search was retaliatory is premised solely on the proximity of the date he filed one grievance and the date of the search. That causal connection is tenuous at best, as Plaintiff's frequent grievance filings leave few days in recent years when he was not at some stage of a grievance process. Plaintiff's retaliation claims regarding the cell search are therefore circumstantial and conclusory. Even if Plaintiff offered more than circumstantial evidence and conclusions, prisoners do not have an expectation of privacy in their cells, which prison officials may search at any time. *Hudson v. Palmer*, 468 U.S. 517, 528–29 (1984).

Plaintiff's claim that Defendant Miller perjured herself at a disciplinary hearing likewise are conclusory for a least two reasons. First, Defendant Miller testified about an incident that occurred *before* the cell search and the filing of the most recent grievance. To the best of the Court's knowledge, Defendant Miller has not discovered time travel and so could not have perjured herself by reporting falsely about a future action. Second, Plaintiff has filed many past grievances but none from *before* the cell search appear to have been lodged against Defendant Miller. She consequently could not have *retaliated* against Plaintiff on the grounds he asserts. The Court therefore DISMISSES Plaintiff's retaliation and perjury claims.

B.  **Deliberate Indifference Claims**

Plaintiff contends Defendant Garcia showed deliberate indifference to his mental health in

5

two ways. First, he states Defendant Garcia released him from crisis management, following a suicide attempt by Plaintiff, without conducting an adequate consultation. *See* Complaint ¶ 7, at 6. Second, Plaintiff asserts Defendant Garcia discontinued Plaintiff's psychiatric medication. *See* Complaint ¶ 6, at 6. Even if accepted as true, these claims reflect only disagreement with the treatment Defendant Garcia provided, i.e. not deliberate indifference to Plaintiff's serious medical needs. To the contrary, Plaintiff himself provides the Court with facts sufficient to indicate TDCJ personnel met their duty of care; they placed Plaintiff in crisis management following his suicide attempt, and medical personnel subsequently monitored his status. Plaintiff asks for further evaluation but does not specify any reason why additional evaluation is medically required. The Court therefore DISMISSES Plaintiff's deliberate indifference claims.

### C. TDCJ Disciplinary Process Claims

In section 1983 suits, government officials are held liable for neither the conduct nor the omissions of their subordinates solely on a theory of vicarious liability. The Court therefore DISMISSES Plaintiff's claims against Defendants Warden, Andrew, Gruver, and Dean.

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that the Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim, and with prejudice as frivolous with respect to his claims against supervisory officials and grievance officers.

**SO ORDERED.**

June 3, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE